IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00794-BNB

BRET ALLEN HUDSON, also known as
BRETT ALLEN HUDSON,

    Applicant,

v.

BLAKE R. DAVIS, Warden, United States Penitentiary, Florence, CO,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Bret Allen Hudson, also known as Brett Allen Hudson, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who was incarcerated at the United States Penitentiary in Florence, Colorado, when he initiated the instant action. According to the inmate locator on the BOP website, www.bop.gov, Mr. Hudson currently is incarcerated at the Federal Correctional Institution - Memphis, 1101 John A Denie Rd., P.O. Box 34550, Memphis, Tennessee 38134. The caption to this order has been corrected to include Mr. Hudson's alias.

Mr. Hudson filed *pro se* a document titled "Writ of Habeas Corpus." As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted document was deficient. Therefore, in an order filed on April 8, 2009, the Court ordered Mr. Hudson to cure certain enumerated deficiencies.

Specifically, Mr. Hudson was ordered within thirty days either to pay the $5.00 filing fee for a habeas corpus action or to submit a prisoner's motion and affidavit for

leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He also was ordered to submit his habeas corpus application on the proper, Court-approved form for filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 28, 2009, Mr. Hudson submitted the $5.00 filing fee. He failed to submit his application on the proper § 2241 form. However, the action was not dismissed for that reason.

On May 15, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Hudson to show cause within thirty days why the document titled "Writ of Habeas Corpus," which the Court treated as an application for a writ of habeas corpus, should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Nevada (District of Nevada). On June 1, 2009, Mr. Hudson submitted his response to the order to show cause, in which he noted that he recently had been transferred but failed to provide a new address.

The Court must construe liberally the response to the show-cause order because Mr. Hudson is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

In the May 15, 2009, order to show cause, Magistrate Judge Boland pointed out that, through the liberally construed habeas corpus application, Mr. Hudson clearly was attacking his federal conviction. According to the Pacer U.S. Party Case Index on www.pacer.psc.uscourts.gov, Mr. Hudson was convicted by a jury on June 16, 1998, on charges of bank robbery in the District of Nevada in Criminal Action No. 98-cv-00035-

2

HDM-RJJ. On September 14, 1998, he was sentenced as a career offender to a term of 240 months. On direct appeal, the United States Court of Appeals for the Ninth Circuit (Ninth Circuit) affirmed both his conviction and sentence. *See United States v. Hudson*, No. 98-10423, 1999 WL 650564 (9th Cir. Aug. 13, 1999), **cert. denied**, No. 99-7250 (Jan. 10, 2000). On July 17, 2006, the District of Nevada denied his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On appeal, the Ninth Circuit denied a certificate of appealability. *See Hudson v. United States*, No. 07-15849 (9th Cir. Nov. 5, 2007).

Magistrate Judge Boland noted in the May 15, 2009, order that the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th

Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

In the May 15, 2009, order, Magistrate Judge Boland also noted that courts have found the remedy provided in 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g., Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing court is abolished); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court inordinately delays consideration of the petition) (dictum); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief) (dictum).

As Magistrate Judge Boland explained in the May 9, 2009, order, the fact that Mr. Hudson previously was denied relief in the sentencing court pursuant to 28 U.S.C. § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Hudson may be barred from filing a second or successive § 2255 motion also does not mean that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). In his two-paragraph response filed with the Court on June 1, 2009, Mr. Hudson has failed to show cause as directed why the application should not be denied because he has an adequate and effective remedy pursuant to

§ 2255 in the District of Nevada. Accordingly, it is

ORDERED that the document titled "Writ of Habeas Corpus," which the Court has construed liberally as a habeas corpus application, is denied and the action dismissed because Applicant, Bret Allen Hudson, also known as Brett Allen Hudson, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Nevada. It is

FURTHER ORDERED that a copy of this order be sent to Mr. Hudson at both the United States Penitentiary in Florence, Colorado, and at the Federal Correctional Institution in Memphis, Tennessee.

DATED at Denver, Colorado, this 2 day of June, 2009.

BY THE COURT

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00794-BNB

Bret Allen Hudson
Reg No. 27177-008
US Penitentiary
P.O. Box 7000
Florence, CO 81226-7000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/4/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk